You may proceed. May it please the court. My name is Dennis Benjamin. I'm here today on behalf of Thomas Lundquist. A constitutional error occurred in this case when the judge, through an amended verdict form, allowed the jury to return a felony murder verdict without finding that Tom participated in the robbery, which was the underlying offense. This violated Tom's 14th Amendment right to due process to have the government prove every element of the crime beyond a reasonable doubt. It also violated his Sixth Amendment right to have the jury find every element of the crime. But do you concede that the jury instructions, putting aside the verdict form, that the jury instructions themselves required the jury to find all elements of the crime? Your Honor, during the state court proceedings, I made that concession, so I think I'm stuck with it. I just want to make sure I understand. So you're saying the jury instructions were okay, but the verdict form wasn't? Verdict form was not. Is there any precedent from the Supreme Court of the United States that says that the verdict form itself has to include all the elements of the offense? There is the capital case of Mills v. Maryland where the issue was the existence of mitigating circumstances. And the verdict form was inconsistent because it implied that you had to have unanimity as to mitigating circumstances in capital cases. In that case, the jury, the court looked to both the instructions and the verdict form and found that there was a violation of constitutional rights. But that's a little bit different. I'm asking, has the Supreme Court ever established any type of general principle or rule suggesting that a verdict form must include the elements of the offense? There are two other cases, Your Honor, that I think are instructive. One is Cupp v. Naughton, and the other one is Francis v. Franklin. In those cases, the court says that you need to look to the entire charge, not just to the jury instructions, but to the entire charge. And I don't think that you can fairly categorize this amended verdict form just as a verdict form because it contains elements of the offense as to at least the felony murder charge. So it's more fairly characterized as a supplemental jury instruction. The problem is that this supplemental jury instruction that is incorporated within the amended verdict form does not contain all the elements of the offense. Now, I think you have to look at the background or what was happening in the trial to understand how the jury would reasonably see this verdict form. Now, you have to remember that the jury had already sent in two inquiries about the felony murder rule. The first one was, if convicted of a robbery where a murder took place, is it automatically considered first-degree murder? Now, the answer in Idaho to that question is yes. However, the judge doesn't answer that question directly. Instead, he refers the jury back to instructions 18 to 23 in the record. What's important about that is he does not refer them back to instructions 16 and 17, which are the accomplished liability instructions. In particular, instruction number 16 is the mere presence instruction, and that was Tom's defense in this case, that he knew that Mr. Jenkins and Mr. Shanahan were going to rob the store, but he was sitting in the passenger seat of the car and was merely present. Did he have a gun as he was merely present? There is a conflict in the testimony. Mr. Shanahan doesn't testify that he has a gun. Mr. Jenkins says that he handed him, handed Tom a gun. Whether Tom kept that gun while he was sitting in the passenger seat is unclear. No one testifies to that. I read something that the court of appeals, I don't know how this was established in the findings, but I thought I read that the state court of appeals said that he was in the car to shoot anybody who might show up. That was Mr. Shanahan's testimony. Now, Mr. Shanahan, of course, was severely impeached at trial, and we, of course, not we, but trial counsel, of course, denied the truth in Mr. Shanahan's testimony. You know, in particular, Mr. Lundquist is a 16-year-old at this time. Mr. Shanahan and Mr. Jenkins are only 15 years old. The other two co-defendants enter into plea agreements where they avoid the death penalty. So there was a substantial motivation for them to testify in such a way as to curry favor with the state because the state had filed an, well, they didn't have to file a notice of intent to seek a death penalty back then, but they had indicated that they were going to seek the death penalty against these young people. And, of course, that brought the reliability of their testimony into question. If I understand your argument, it's that the verdict form is affirmatively misleading because it's not that it has to include the elements. In other words, a verdict form can just say guilty or not guilty. Exactly. It doesn't have to imply anything. And it ought not to, in my view. In this particular case, it said, is Thomas Lundquist guilty of felony murder in that, and went on. Is that the equivalent of saying yes when the jury asked its earlier question? If he participates in a robbery and there's a murder, and in the course of the robbery, he's guilty of murder? It's not, because the jury, the verdict form doesn't require Tom to have participated in the robbery. Just, was Fidelio Tom Sheckler? I would answer yes. Pardon? The first is from the context of the earlier question that the jury asked, I guess. Well, the jury in its original inquiry asked, if we find Tom guilty of robbery, is he also guilty of felony murder? The answer to that is yes. That's not what the verdict form said, though. The verdict form said if you don't have to find Tom guilty of robbery. Right. That's the odd thing about it, in looking at the one that the jury actually completed, which I think is ER 46 to 47. Right. They say in that, the death occurred in the commission of or attempted commission of a robbery or burglary. And the jury could read that to say, well, if those other two guys were committing a robbery, then a robbery occurred, and so Lundquist is guilty. Precisely, Your Honor. So, but, and the other odd thing about this is they didn't answer the question, is Thomas Lundquist guilty or not guilty of robbery? The jury instruction tells them to stop if they find him guilty of first-degree murder, I think. But why would, okay, that's confusing to me. But why would you, it seems to me you would have to say you can't stop at that point, because you have to find that Lundquist participated in that robbery. Exactly. And that's a problem, because the judge instructed them to stop. We can't know what the jury intended. But you conceded that the instructions were okay. Well, up until the judge supersedes or gives this new instruction, because the second jury verdict, the second inquiry asks, we read the instructions to say, if somebody is involved in a robbery where the murder takes place, we must find the defendant guilty of first-degree murder. Now, that first phrase makes it sound like they went and read the instructions but made the same error that the judge did, that if Jenkins and Shanahan are guilty of the robbery and killing, then Tom is also guilty of the felony murder. So the argument that you, say, I was confused by the argument you made that it didn't, the form did not require them to find Lundquist guilty of all the elements. It seems to me it just, it failed to require that he had committed the murder. No, that he participated. Right. And if he didn't participate in the robbery, he can't be guilty of felony murder. But weren't they, they were instructed, the jury was instructed that to find him guilty of felony murder, they had to first find that he was involved in the robbery. But, Your Honor, the jury had already. They were instructed that, right? Yeah, they were instructed that. But it's clear from the record that the jury doesn't understand that. And then the court says, do over. I'm giving you this new instruction now. You can find Tom guilty if you find these elements, one of which is not robbery. So in that sense, because of the two prior verdict inquiries on this particular issue, the second of which indicates that they're confused about whether or not they need to find Tom guilty of the robbery in order to find him guilty of felony murder, the court, by giving this new jury instruction, or what I call a supplemental jury instruction, is saying to the jury, I know that you've already looked at this. And here I'm clarifying it for you with this new jury instruction, and I'm putting it in the verdict form to make it easier for you. So it's really a supplemental but contradictory jury instruction. I think that I've gone over my time by some amount. Thank you. Thank you, counsel. Oh, sure. It is interesting. All right, counsel. May it please the Court. The real issue, once we scale away all the nasty scales and the extra fat in this case, is did the Idaho Supreme Court objectively apply Supreme Court, United States Supreme Court precedent, and objectively determine the facts in light of the evidence on the question of whether a verdict form has to mirror the elements instruction that counsel has conceded was correct under Idaho law? This is an AEDPA case. And while we have made a Teague argument, there are a great deal of a significant amount of Teague that is actually codified in the AEDPA. Why would we get to Teague if we don't think there's a violation under ADIPA? Because, Your Honor, under Horn, this Court must first address the Teague argument before it gets to the other arguments that are made. In a state habeas case? Yes, Your Honor. Yes, Your Honor. And I realize that, you know, that's kind of a chicken-and-egg argument almost, because when you look at the AEDPA, it says it has to be United States Supreme Court precedent. And as I stated, there's not a great deal of difference between Teague. I don't think you could ever make up a new rule without it being outside of Supreme Court precedent. I'll look at it. What's our case that says we look at that first? That's Horn, Your Honor, and it is cited in our briefs or in my brief. It's United States Supreme Court precedent that directly states that. When we look at the instructions that were given as a whole, I take exception to counsel's argument that the second verdict form is an additional instruction. It wasn't an instruction at all. It's a verdict form. And, in fact, when the trial court sent the second verdict form back in, the trial court didn't say, ignore all of my other instructions. The court said, I'm replacing your prior verdict form, not instructions, form, with this form. And that's all that occurred. But the verdict form, to the extent that it contains content, certainly can be considered in determining whether the whole record reflects accurately the law to be applied. I mean, you can have a verdict form that was grossly misleading. I can envision that, Your Honor. Absolutely. I don't know if it matters whether you call it an instruction or not. It's part of it. I think we have at least one Supreme Court case saying that, well, we consider all the instructions and the verdict form. And, Your Honor, that would be the Mills case. And in that particular case, the United States Supreme Court, I don't know that it was the holding of the case, but certainly discussed in some respect the interaction between the verdict form and the instructions. That was also a capital case. And the court in that particular case specifically referenced the fact that it was a capital case, and that was one of the reasons it came to the conclusion that it did, was because, of course, capital cases in certain situations, there are greater protections afforded defendants in those particular cases. But if we look at the accomplice liability instruction, and there were two of them in this case, 16 and 17, they expressly state, you cannot convict this defendant unless you find he participated in some fashion, and the instruction explained the fashion, in the robbery. The jury recognized that. In fact, when I look back to my early, to my law school years, and I first heard of this concept of felony murder, and that if I'm a lookout, and the plan is that we're going to rob this store, and my accomplices go in, and unknown to me, they've got a gun, and they go in and shoot the clerk, and all of a sudden I'm liable for murder. I don't have a law background. At the time I went to law school, I'm not from a law family. I went, you've got to be kidding me. And that's what this jury was doing. They were going, you mean he was out in the car, nothing more than a lookout, his buddies go in, they shoot this store clerk for a pack of cigarettes and some beer? I think that's what's reflected in the jury's questions. The jury says, it seems to me, reflecting a relatively accurate understanding of the felony murder instruction, says, well, if someone participates in a robbery, and somebody's murdered, is that first-degree murder? And the reason we're confused is that the verdict form we have permits us to find first-degree murder, and also later asks the question, well, did he participate, is he guilty of robbery? And so that's confusing us, because it seems to run counter to the felony murder instruction. Actually, Your Honor, if we look at the first verdict form that was given, the only thing they're initially asked is, are you guilty of murder? And the court doesn't even, the form itself doesn't even say what degree of murder. I don't believe, in Idaho at least, that there is a second-degree felony murder. So the court is saying, was there a shooting in this case? Now, perhaps the court could have first said, was there a robbery in this case first, because this was a felony murder case. But keep in mind that the state charged this alternatively. They charged it both as a premeditated murder, and there was some testimony at the trial that the jury could have found premeditation. And they also charged it as felony murder. So if you look at that first verdict form, it initially simply says, is he guilty or not guilty of murder? Not first degree, not anything, just murder. And then it goes on and says, if no, or if yes, then is it premeditated murder, or was it during the commission of a robbery or burglary? And then, of course, they make the finding on count two. So I don't know that the first verdict form itself, when you look at it in total with all of the other instructions that were given, that have been conceded to be correct, was the count three. I mean, was he guilty of robbery? There's a step three in that first verdict form, check robbery, yes or no. That's the last step, Your Honor, actually. That's what I think was giving the jury trouble, if I understand it, yes or no. And it very well could be, because the jury's going, well, if we found him guilty of felon or, in fact, it's at the bottom of 40, page 44 of the state's exorcism record. It says, is the defendant guilty based on the killing occurring during the commission of or attempted commission of robbery or burglary? Well, they, I would, and this is sure supposition on my part, but they found he was guilty of murder, murder in the first degree. Well, and then they looked at part three. They didn't, on page 45, and they went, well, of course he's guilty of robbery. Well, yeah, and what they actually say is that, you know, we read the instructions to say that somebody's involved in a robbery where a murder takes place, you must find the defendant guilty of first-degree murder. But the verdict form gives us the option of saying no to first-degree murder and still find the defendant guilty of robbery. Yes. To us, that seems to be conflicting, so help, Judge. So then they get the next verdict form. And like I said, I think if you look at the instructions in total, I can understand their questions, but I still believe, and we can, I guess, agree to disagree, that, you know, how can he be guilty of this murder? And, yes, how can he be not guilty of robbery if we find him guilty of murder? I can say to your opponent's comment that the question is, we read the instructions to say that if someone is involved in a robbery where a murder takes place, we must find the defendant guilty. Well, Your Honor, of course other people are involved in a robbery. Yes. And, of course, this is a note sent out by a jury, laypeople. And if you look at their first note, it says it doesn't say anybody. It simply says, if convicted of a robbery where a murder took place, is it automatically considered first-degree murder. That's a correct statement of Idaho law. That's true. Now, if you read that in conjunction with the next question, I don't know that a group of lay individuals would make a distinction between someone and defendant. I understand that answer. They recognized that all it had to be was someone that was associated with this group of individuals, and they were not somebody. Killed somebody, and this guy over here is guilty of murder. We would respectfully request that the Court affirm the district court in this case and find that the petitioner has not met his burden in finding that the Idaho Supreme Court's decision was unreasonable in any fashion under the AEDPA. Thank you. Thank you, counsel. Klonquist v. Stoneman will be submitted. Okay. U.S. v. Copeland has been dismissed, and we'll take up Public Utility District Number 1 v. FEMA. Thank you.
judges: Canby, Wardlaw, Gould